# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 26, 2010

No. 09-50969
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FELIPE RUBIO-MUNOZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-510-1

Before REAVLEY, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Felipe Rubio-Munoz challenges his 34-month sentence following his guilty plea to illegally reentering the United States following deportation. Rubio-Munoz concedes that precedent forecloses his argument that the lack of an empirical basis for U.S.S.G. § 2L1.2 precludes an appellate presumption that his sentence is reasonable. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rubio-Munoz contends that his sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a) because the Sentencing Guidelines account for a prior conviction both to increase his offense level and to calculate his criminal history score. Rubio-Munoz avers further that the guidelines range overstated the seriousness of his offense because his conduct was not violent and that the guidelines range did not properly account for his personal history and characteristics, including his motive for reentering.

We review a sentence for reasonableness. *See Gall v. United States*, 552 U.S. 38, 56 (2007). Because it is within the properly calculated guidelines range, Rubio-Munoz's sentence is entitled to a presumption of reasonableness. *See Rita v. United States*, 551 U.S. 338, 350-51 (2007); *Mondragon-Santiago,* 564 F.3d at 366. Rubio-Munoz offers no good reason for us to disturb that presumption. *See Gall*, 552 U.S. at 51; *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Moreover, this court has consistently rejected the argument that a sentence within a guidelines range calculated using the illegal-reentry Guideline is not presumed reasonable on appeal. *See United States v. Duarte*, 569 F.3d 528, 530 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009); *see also Mondragon-Santiago,* 564 F.3d at 366-67.

AFFIRMED.